**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.: 3:21-cr-00018 |
| v. | ) | |
| JAIRO RIASCOS PRECIADO, | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM**

**COMES NOW** Defendant Jairo Riascos Preciado ("Preciado"), by and through undersigned counsel and pursuant to Rule 32 of the Federal Rules of Criminal Procedure hereby submits the following Sentencing Memorandum.  In support of said Memorandum, Preciado avers the following:

## I.    INTRODUCTION

Preciado sought to enter a Plea of Guilty, and did, pursuant to a February 13, 2023 Plea Agreement.  On or about February 13, 2023, Preciado pled guilty to Count I of the Indictment, to wit: Conspiracy to Possess a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States in violation of Title 46, sections 70503(a)(1) and 70506(a) of the United States Code, as modified by the Motion of Plaintiff United States of America ("United States") at ECF #59.  At the change of plea hearing the Court immediately remanded Preciado into custody, where he had been since the date he was initially detained, alternating between BOC on St. Thomas and the MDC Guaynabo in Puerto Rico.

Special Agent Anneliese F. Torres ("Agent Torres"), of the Drug Enforcement Administration ("DEA"), describes the events leading up to Preciado's arrest, in pertinent part, as follows:

*United States v. Preciado*
*Crim. No. 3:21-cr-18*
**Sentencing Memorandum**
**Page 2 of 6**

6.      On or about July 12, 2021, while on patrol in the Eastern Pacific, the United States Coast Guard (USCG) Coast Guard Cutter (CGC) Mohawk (MOH) intercepted a low-profile vessel (LPV) located 125 nautical miles South, Southwest of Isla De Molpelo, Colombia.

7.      The vessel captain was in international waters and displayed no signs of nationality. It was later determined to be a vessel without nationality, thus subject to the jurisdiction of the United States. Reasonable suspicion factors included the profile LPV construction, no navigation light, and operating in a known drug vector.

8.      MOH launched their helicopter and pursuit vehicle (OTH) towards the vessel. Upon their arrival at the scene, the vessel was compliant. The occupants of the vessel were identified as (1) Inocencio CASTILLO ESPANA, alias Ignasio ESPANA; (2) Nestor Andres VERA ESCALANTE, alias Nestor VERA; and (3) Jairo Ernesto RIASCOS PRECIADO, alias Jairo Ernesto PRECIADO, and were determined to be the only persons on board the vessel. Thereafter, the occupants were removed for officer safety. Following their removal, a full law enforcement boarding was conducted.

. . . .

(Docket 3:21-mj-41 ECF #1-1 at 2-3.)

The vessel upon which Preciado was interdicted was stopped at 01-49.5N 082-34.7W. From July 12, 2021, to August 17, 2021, Preciado and his co-Defendants remained on board the MOH.  On July 12, 2021, the USCG transferred custody of Preciado, his co-Defendants and their property to the DEA, specifically to Special Agent Torres, in Panama.  After being processed through Panama Customs, Immigration and Health Services, Preciado and his co-Defendants were flown directly to St. Croix.  On August 17, 2021, Preciado and his co-Defendants were arrested by the DEA St. Croix.

*United States v. Preciado*
*Crim. No. 3:21-cr-18*
**Sentencing Memorandum**
**Page 3 of 6**

## II.    ARGUMENT

### A. Preciado's Past

Preciado is an impoverished fisherman and farmer.   He has been fishing since age nine.  Preciado was never taught to read or write, and does not even know his date or place of birth.  Preciado's education stopped at or around the second grade when he had to stop going to school in order to help his family financially.   Throughout the duration of these proceedings  he has expressed little to no concern for himself or his own well-being; his only concern has been for his loved ones.  Preciado has certain health concerns, but they seem to be adequately managed.  One of his three children was killed at the age of eight.  In 2012, he had to leave his home in order to flee from armed groups that were threatening his family. This danger continues to be a threat for Preciado.  Ultimately, he became involved in the events underlying this case in order to contribute to the support of his family.

### B. Preciado's Present

Since being incarcerated Preciado has been worried about providing for his family and for their continued well-being.

### C. Preciado's Future

Preciado seeks to better his future.

## III.    THE OFFENSE CONDUCT

Preciado accepts full responsibility for his conduct.  It appears that his actions were motivated by financial distress and a lack of formal education.  However, Preciado does not view that motivating factor as an excuse for his actions.   To the contrary, Preciado immediately accepted responsibility for his actions and pled guilty.

## IV.    THE COURT SHOULD IMPOSE THE MINIMUM SENTENCE AVAILABLE CONSIDERING ALL RELEVANT FACTORS

The Third Circuit has clearly explained that:

> In *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), we set forth a three-step framework for sentencing. First, a district court must calculate a defendant's Guidelines sentence as it would have before *United States v. Booker*, 543 U.S. 220 (2005). *Gunter*, 462 F.3d at 247. Second, a district court must 'formally rule on the motion of both parties and state on the record whether they are getting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.' *Id.* (citation, quotation marks and alterations omitted). Third, a district court '[is] required to exercise [its] discretion by considering the relevant §3553(a) factors . . . in setting the sentence [it imposes] regardless whether it varies from the sentence calculated under the Guidelines.' *Id.* (internal citation, quotation marks, and alterations omitted).

*United States v. Flores-Mejia*, No. 12-3149 (3d Cir. 2014).   The relevant 3553(a) factors include (1) the nature and seriousness of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to be fair and adequate, (3) the kinds of sentences available, (4) the kinds of sentence and sentencing ranges that are available, (5) any pertinent policy statement, (6) the need for consistency and parity in sentencing, and (7) the need for restitution. 18 U.S.C. 3553(a).  Considering these factors in the context of *Booker*, a minimum sentence would best achieve the goals of sentencing.

## V.    THE PROPER GUIDELINE CALCULATION

Paragraph 14. The drug weight allegations must be stricken from this paragraph. *See* ECF # 59.

Paragraph 15. The drug weight allegations must be stricken from this paragraph. *See* ECF # 59.

Paragraph 21. The drug weight allegations must be stricken from this paragraph. *See*

*United States v. Preciado*
*Crim. No. 3:21-cr-18*
**Sentencing Memorandum**
**Page 5 of 6**

ECF # 59.

Paragraph 61. The adjusted offense level is 29; not 31. With a criminal history category of I, the applicable Guidelines Sentencing Range is 87 – 108 months.

Paragraphs 64 – 65. The practical difficulties of imposing a mandatory period of supervised release upon a foreign national is not addressed. Rather than supervision by a probation officer, the Court should sentence Preciado to deportation as a condition of supervised release. 18 U.S.C. § 3583(d).

## VI.    REQUEST FOR DESIGNATION

Preciado respectfully requests that the Court recommend that he be designated anywhere that he can pursue a GED. Preciado also requests a designation where he can work so that he can contribute to the support of his family. Preciado understands that the Bureau of Prisons will make the final determination as to his designation.

Respectfully submitted,

**THE BOYKIN LAW FIRM, PLLC**

Date: **June  20, 2023**         By:      *s/ Namosha Boykin*

Namosha Boykin
***Attorney for Defendant Jairo Riascos Preciado***
3004 Altona and Welgunst, Ste. 1-310
St. Thomas, U.S. Virgin Islands 00802
Telephone: (340) 228-0799
Email: namosha.boykin@boykinlawfirm.com
**VIRGIN ISLANDS BAR NO.: 1169**

*United States v. Preciado*
*Crim. No. 3:21-cr-18*
**Sentencing Memorandum**
**Page 6 of 6**

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on this **20th** day of **June 2023**, I electronically filed the foregoing ***Sentencing Memorandum*** with the Clerk of the Court using the CM/ECF System, which will send a notification of electronic filing to the following:

> Delia L. Smith, Esq.
> ***Assistant United States Attorney***
> United States Attorney's Office
> District of the Virgin Islands
> 5500 Veteran's Drive, Suite 260
> St. Thomas, U.S. Virgin Islands 00802
> Email: delia.smith@usdoj.gov
>
>
> ***/s/ Namosha Boykin***