IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS/ST. JOHN

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. 3:21-CR-018 |
| v. | ) | |
| | ) | |
| INOCENCIO ESPANA, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## SENTENCING MEMORANDUM

Mr. Espana was convicted based on a change of plea of conspiracy to possess a controlled substance while on board a vessel subject to jurisdiction of the United States (Count 1). For the reasons set forth herein, Mr. Espana respectfully requests a sentence of 87 months' incarceration, followed by a supervised release term of three years.

**PSR Objection #1**—Mr. Espana objects to ¶22 of the PSR which applies a two-level enhancement for the use of a semi-submersible vessel. The Court previously addressed the applicability of this paragraph at the sentencing of codefendant Jairo Preciado (*see* ECF No. 120) and it is undersigned counsel's understanding that the Court did not apply the enhancement against Mr. Preciado. Without this enhancement, the adjusted offense level would be 32 (*see* PSR at ¶26) with a total offense level of 29 (*see* PSR at ¶30). That offense level comports with the Plea Agreement. (*See* ECF No. 68 at 6).

## SENTENCING MEMORANDUM

Inocencio Espana was born into a life of poverty in Colombia. His parents made a modest

1

living by fishing. Mr. Espana maintains a relationship with his parents, who are deeply saddened that he became involved in the instant case. (PSR at ¶40). His entire family has made their living by fishing. Tragically, three of his brothers were murdered by FARC, and Mr. Espana continues to suffer grief from those murders. (PSR at ¶¶40-41). He has never been treated for the trauma associated with their deaths.

Mr. Espana intends to return to Colombia upon his release from custody. He has previously worked as a self-employed fisherman (PSR at ¶55) and he intends to return to that vocation, despite the fact that he was poorly compensated for it. His incarceration stemming from this case has separated him from his nine- and seven-year-old daughters. (PSR at ¶43). His incarceration has prevented him from having meaningful contact with his daughters—and his son is ill and his daughter cries daily, according to what he has been told by others.

Based on the facts and circumstances of this case, as well as the history and characteristics of Mr. Espana, a low-end guideline range sentence is sufficient but not greater than necessary to satisfy the 18 U.S.C. §3553(a) factors. Admittedly, the nature and circumstances of the offense were serious, as measured by the quantity of cocaine involved in the offense. But that circumstance is accounted for based upon the base offense level calculation, which was made based upon that weight. Moreover, another important circumstance is that Mr. Espana played a minor role in the offense, thereby meaning that he did not have a managerial and/or financial stake in the offense. Thus, his need for punishment or deterrence is minimized somewhat by his role in the offense.

Mr. Espana's history and characteristics also support a low-end guideline sentence. He was born into poverty, and has struggled to make ends meet ever since. His family never had much money, nor was he bale to earn significant money. His family experienced tragedy with the murder of three of

his brothers. He has been unable to lift himself out of that situation, and desperate times appear to have caused him to engage in the conduct leading to this case. But the fact that Mr. Espana has no prior criminal history, which demonstrates that this conduct is truly aberrant when viewed in the context of the rest of his life.

A low-end sentence reflects the seriousness of the offense, promotes respect for the law and provides just punishment. An eighty-seven month sentence is a lengthy sentence which nobody could see as short or insignificant. It promotes respect for the law by following the guidelines. It provides just punishment as Mr. Espana will serve that time in the custody of the Bureau of Prisons, with minimal access to programming of any kind.

An eighty-seven month sentence provides adequate deterrence—both general and specific. As noted above, the public would hardly perceive that sentence as short or a slap on the wrist. A lot can happen in 7+ years—but not for Mr. Espana, who will spend that time in prison while others in the community go on with their lives. Moreover, as a person with no status here who only speaks Spanish, he will be largely ineligible for any meaningful programming, as well as ineligible to earn time credits to potentially shorten his time in prison. He has no family here, so will receive no visits during those eighty-seven months. Under these circumstances, eighty-seven months will have much more deterrent value to Mr. Espana than it might for a citizen who would receive family visits and had access to considerable programming.

An eighty-seven month sentence will protect the public from further crimes by Mr. Espana. Through incarceration, the public will have no exposure to Mr. Espana for eighty-seven months. After his incarceration, Mr. Espana will be deported to Colombia. Thus, he poses no danger of additional crimes to the American public.

As noted above, Mr. Espana is unlikely to receive needed educational or vocational training, or other correctional treatment while incarcerated. Hopefully he will receive any needed medical care. But a sentence longer than eighty-seven months will not increase the likelihood that he will receive needed care or training—it would only warehouse him for a longer period of time for no rehabilitative purpose.

The PSR correctly notes that Mr. Espana has lived his life in poverty, and continues to live in poverty. He therefore asks the Court to waive any fine. Further, in all likelihood, Mr. Espana will face deportation immediately upon completion of sentence. Thus, he will not be meaningfully supervised by the Probation Office after his release from custody. Therefore, any supervision beyond the minimum is greater than necessary.

**CONCLUSION**

For these reasons, Mr. Espana respectfully requests a sentence of 87 months' incarceration, followed by a supervised release term of three years.

Dated: July 11, 2023

Respectfully submitted,

Matthew Campbell
FEDERAL PUBLIC DEFENDER

*s/ Matthew Campbell*
Office of the Federal Public Defender
1336 Beltjen Rd., Suite 202
St. Thomas, USVI 00802
Tel:   (340) 774-4449
Email:   Matt_Campbell@fd.org